FILED

### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION 2018 JUN 18  AM 11: 57

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

GREGORY GIBBS, on behalf of himself and
those similarly situated,

    Plaintiffs,

vs.                                          **CASE NO.:**

MLK EXPRESS SERVICES, LLC, a Florida                    2:18-CU-434-FtM-38MRM
Limited Liability Company; AMAZON
LOGISTICS, INC., a Foreign for Profit
Corporation; AMAZON.COM SERVICES,
INC., a Foreign for Profit Corporation;
MANIHONG M. PHANOUVONG,
Individually, and LILA V. PHANOUVONG,
Individually,

                Defendants.                  /

### NATIONWIDE COLLECTIVE ACTION COMPLAINT

Plaintiff, GREGORY GIBBS, on behalf of himself and those similarly situated, by and

through undersigned counsel, files this Complaint against Defendants, MLK EXPRESS

SERVICES, LLC ("MLK"), AMAZON LOGISTICS, INC. ("ALI"), AMAZON.COM

SERVICES, INC. ("AMAZON"), MANIHONG M. PHANOUVONG ("M.

PHANOUVONG"), and LILA V. PHANOUVONG ("L. PHANOUVONG") (collectively,

"Defendants") and states as follows:

### I.    NATURE OF THE CASE

1.    This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

("FLSA") for Defendants' failure to pay Plaintiff and other similarly situated employees

overtime wages for all time worked in excess of forty (40) hours in a workweek in violation

of the FLSA.  Plaintiff brings this suit as a collective action pursuant to Section 216(b) of the

FLSA.

2.      Plaintiff's consent to act as Class Representative in this Section 216(b) is attached as **EXHIBIT A.**

## II.      JURISDICTION AND VENUE

3.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b).

4.      Venue is proper in this judicial district because at least one of Defendants maintains offices within this judicial district and the events giving rise to Plaintiff's claims occurred in this judicial district.

## III.      PARTIES

**Plaintiff**

5.      At all times relevant hereto Plaintiff resided in and is domiciled within this judicial district in Florida.

6.      At all times relevant hereto, Plaintiff handled goods that had moved in interstate commerce.

7.      At all times relevant hereto, Plaintiff has been an "employee" of Defendants in Florida as that term is defined by the FLSA, 29 U.S.C. §201 *et seq.*

**Defendants**

8.      Within the relevant time period, MLK has been a corporation organized under the laws of the State of Florida.

9.      At all times relevant hereto, MLK has maintained offices and conducted business in Florida and within this judicial district.

10.     At all times relevant hereto, MLK has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29  U.S.C. §203(r)(1), and is an enterprise engaged in commerce, within the

meaning of Section 3(s)(1)(A).

11.     At all times relevant hereto, MLK has had two (2) or more employees who have handled goods that moved in interstate commerce.

12.     At all times relevant hereto, MLK was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d).

13.     At all times relevant hereto, MLK jointly employed Plaintiff.

14.     At all times relevant hereto, ALI has been a corporation organized under the laws of the State of Delaware.

15.     At all times relevant hereto, ALI has maintained offices and conducted business in Florida and within this judicial district.

16.     At all times relevant hereto, ALI has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29  U.S.C. §203(r)(1), and is an enterprise engaged in commerce, within the meaning of Section 3(s)(1)(A).

17.     At all times relevant hereto, ALI has had two (2) or more employees who have handled goods that moved in interstate commerce.

18.     At all times relevant hereto, ALI was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d).

19.     At all times relevant hereto, ALI jointly employed Plaintiff.

20.     At all times relevant hereto, AMAZON has been a corporation organized under the laws of the State of Delaware.

21.     At all times relevant hereto, AMAZON has maintained offices and conducted business in Florida and within this judicial district.

22.     At all times relevant hereto, AMAZON has been an "enterprise" as defined by

Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, within the meaning of Section 3(s)(1)(A).

23.    At all times relevant hereto, AMAZON has had two (2) or more employees who have handled goods that moved in interstate commerce.

24.    At all times relevant hereto, AMAZON was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d).

25.    At all times relevant hereto, AMAZON jointly employed Plaintiff.

26.    At all times relevant hereto, M. PHANOUVONG owned and operated MLK on a day to day basis.

27.    At all times relevant hereto, M. PHANOUVONG was engaged in business in the State of Florida.

28.    At all times relevant hereto, M. PHANOUVONG regularly exercised the authority to hire and fire employees of MLK.

29.    At all times relevant hereto, M. PHANOUVONG determined the work schedules for the employees of MLK.

30.    At all times relevant hereto, M. PHANOUVONG controlled the finances and operations of MLK.

31.    At all times relevant hereto, M. PHANOUVONG was and continues to be an individual resident of the State of Florida.

32.    At all times relevant hereto, L. PHANOUVONG owned and operated MLK on a day to day basis.

33.    At all times relevant hereto, L. PHANOUVONG was engaged in business in the State of Florida.

34.     At all times relevant hereto, L. PHANOUVONG regularly exercised the authority to hire and fire employees of MLK.

35.     At all times relevant hereto, L. PHANOUVONG determined the work schedules for the employees of MLK.

36.     At all times relevant hereto, L. PHANOUVONG controlled the finances and operations of MLK.

37.     At all times relevant hereto, L. PHANOUVONG was and continues to be an individual resident of the State of Florida;

## IV.    FACTUAL BACKGROUND.

38.     MLK operates a carrier and logistics business and among other activities, provides trucks and/or drivers to deliver goods for Amazon/ALI customers in Florida.

39.     MLK is one of many contractors who works for and is under the control of Amazon/ALI delivering Amazon's goods throughout the country.[1]

40.     Plaintiff and similarly situated employees worked for Defendants delivering items purchased from Amazon to the customers who purchased said items.

41.     At all relevant times, Amazon and ALI have been associated with and/or related to MLK with respect to Plaintiff and other similarly situated employees such that they are a "joint employer" of Plaintiff and other similarly situated employees in that, *inter alia*:

      a.     Plaintiff, and similarly situated employees, submitted to an Amazon and/or ALI background check, whereupon Amazon/ALI dictated whether Plaintiff could be hired;

      b.     After being hired, Plaintiff and similarly situated employees were trained by Amazon personnel with some participation from MLK personnel;

      b.     Plaintiff, and similarly situated employees, wore uniforms with Amazon

---

[1] This nationwide collective action is intended to include all similarly situated local drivers who deliver for Amazon regardless of which contracting company they work through.

branding and logos while delivering Amazon packages;

c. Each morning, Plaintiff and similarly situated employees report to a warehouse operated by Amazon/ALI, located at 4697 Elevation Way, Fort Myers, Florida, where their vans are loaded with Amazon merchandise, and where they receive work instructions and direction from Amazon;

d. Plaintiff and similarly situated employees have to report problems delivering packages directly to Amazon;

e. On information and belief, Amazon/ALI tracks the performance of Plaintiff and similarly situated employees;

f. Plaintiff and similarly situated employees are jointly supervised by Amazon/ALI in coordination with MLK; and

g. On information and belief, Amazon has procedures in place to evaluate and discipline Plaintiff and similarly situated employees, up to and including termination.

42. Plaintiff was employed by Defendants from approximately September 13, 2017 through approximately February 1, 2018.

43. During the course of his employment, Plaintiff and other similarly situated employees regularly worked in excess of forty (40) hours in individual workweeks.

44. Defendants failed to pay Plaintiff and similarly situated employees the overtime premium of one and a half times their regular rate of pay for all time worked in excess of forty hours in individual work weeks.

45. Instead, Defendants paid Plaintiff and those similarly situated to him solely purported "day rates," based on the number of days they worked, and flat-rate compensation for loading the delivery vans each morning, irrespective of the number of hours they worked each week.

## V. COLLECTIVE ACTION ALLEGATIONS.

46. Plaintiff and the class members were all local Amazon delivery drivers and

performed the same or similar job duties as one another in that they provided local delivery service at the direction and on behalf of one or more of the Defendants.

47.     Further, Plaintiff and the members of the collective action were subjected to the same pay provisions in that they were all paid "day rates," but were not compensated at time-and-one-half for all hours worked in excess of 40 hours in a workweek. Thus, the class members are owed overtime wages for the same reasons as Plaintiff. See Amazon Delivery Driver job listings, attached as **EXHIBIT B**.

48.     Defendants' failure to compensate employees for hours worked in excess of 40 hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that their drivers are/were paid for overtime hours.

49.     This policy or practice was applicable to Plaintiff and the class members. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiff applied and continues to apply to all class members, regardless of which company they were paid through. Accordingly, the class members are properly defined as:

> **All Amazon local delivery drivers who worked for Defendants and/or any other company that contracted with Amazon and/or ALI to provide local delivery services nationwide within the last three years who were not compensated at time-and-one-half for all hours worked in excess of 40 hours in one or more workweeks.**

50.     Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

51.     Defendants did not act in good faith or reliance upon any of the following in

formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, et seq., (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

52.    During the relevant period, Defendants violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of 40 hours in a work week.

53.    Defendants have acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

54.    Defendants have failed to maintain accurate records of Plaintiff's and the class members' work hours in accordance with the law.

## COUNT I

### Violation of the FLSA – Overtime Wages
### *Plaintiff on behalf of himself and similarly situated employees*

Plaintiff incorporates and re-alleges paragraphs 1 through 54 as though set forth herein.

55.    This Count arises from Defendants' violation of the FLSA for their failure to pay Plaintiff one and a half times his regular rate of pay for all time worked in excess of forty (40) hours in a work week.

56.    Defendants directed Plaintiff to work, and Plaintiff did work, in excess of forty (40) hours in individual workweeks within the three (3) years prior to filing this lawsuit.

57.    Other similarly situated employees were also directed to work in excess of forty (40) hours in individual workweeks within the three (3) years prior to filing this lawsuit.

58.    Plaintiff and similarly situated employees were not exempt from the overtime provisions of the FLSA.

59.     Plaintiff and similarly situated employees were entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual workweeks.

60.     Defendants did not pay Plaintiff and similarly situated employees overtime wages for all time worked in excess of forty (40) hours in individual workweeks.

61.     Defendants' failure to pay Plaintiff and the Class overtime wages for all time worked in excess of forty (40) hours in individual workweeks was a violation of the FLSA.

62.     Plaintiff and the Class are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendants' violation of the FLSA was willful.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.     That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA;

B.     A judgment in the amount of all unpaid overtime wages owed to Plaintiff and the Class;

C.     Liquidated damages in the amount equal to the unpaid overtime wages for Plaintiff and the Class;

D.     Reasonable attorneys' fees and costs of this action as provided by the FLSA;

E.     Such other and further relief as this Court deems appropriate and just.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED: June 14, 2018.                                Respectfully submitted,

*/s/ Andrew R. Frisch*
ANDREW R. FRISCH
FL BAR NO. 027777
AFrisch@forthepeople.com
PAUL M. BOTROS
FL BAR NO. 0063365
PBotros@forthepeople.com

**MORGAN & MORGAN, P.A.**
600 N. PINE ISLAND ROAD, SUITE 400
PLANTATION, FL 33324
T: (954) WORKERS;  F:  (954) 327-3013

*Trial Counsel for Plaintiff, and all others
similarly situated*