**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION**

GREGORY GIBBS and TATONYA HUGGINS, on
behalf of themselves and those similarly situated,

        Plaintiffs,

vs.

MLK EXPRESS SERVICES, LLC, a Florida Limited
Liability Company; AG PLUS EXPRESS, LLC, a
Florida Limited Liability Company; AMAZON.COM,
INC., a Foreign for Profit Corporation; AMAZON
LOGISTICS, INC., a Foreign for Profit Corporation;
AMAZON.COM SERVICES, INC., a Foreign for Profit
Corporation; MANIHONG M. PHANOUVONG,
Individually; and LILA V. PHANOUVONG, Individuals,

        Defendants.
_____/

Case No. 2:18-CV-434-SPC-MRM

**AMAZON'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED NATIONWIDE COLLECTIVE ACTION COMPLAINT**

**I.   INTRODUCTION**

Plaintiffs' opposition to Amazon's motion to dismiss is boldly inconsistent. Plaintiffs boast that the Complaint comprises "approximately 138 numbered factual paragraphs and 186 numbered paragraphs in total[.]" ECF No. 51 at 1-2. Yet, Plaintiffs insist Rule 8's "short and plain statement" requirement and the *Iqbal/Twombly* standard permits them to state an FLSA claim through a formulaic recitation of the statutory elements, *see id.* at 4-7 – which Plaintiffs concede is all they've done. *Id*. at 8 ("Plaintiffs in the present case have pled that they regularly worked overtime hours that have not been compensated . . . ."). So long as a plaintiff lards a complaint with legal conclusions masquerading as facts (*e.g.*, "Plaintiff Gibbs regularly worked more than forty (40) hours a week" (ECF No. 35 at ¶110)), Plaintiffs' argument goes, the Court should just count the number of discrete paragraphs and ignore Plaintiffs' failure to plead in those paragraphs

actual facts that might nudge a claim across the threshold of plausibility. In still another contradiction, Plaintiffs describe the Eleventh Circuit's recent *Cooley* decision as "reiterate[ing] the *low pleading standard*" "repeatedly" adopted in this Circuit, but then contend the Court should <u>not</u> apply this standard (established a decade ago in *Rance*, re-applied in *Cooley,* and consistent with *Iqbal/Twombly*) because it "places an *impermissibly high burden of proof* on Plaintiffs[.]" ECF No. 39 at 8.

As the Eleventh Circuit and other courts have held, however, pleading the "amount and extent" of a plaintiff's work is not "an impermissibly high" standard. Rather, pleading such minimal facts is required to state a plausible individual claim for relief. Here, two plaintiffs employed for a short time by a couple of contractors in on facility in Florida fail to plead plausible individual claims, but they purport to assert, based on the same facts, a collective claim on behalf of thousands of absent collective members employed nationwide by scores of unidentified, absent delivery contractors. Ironically, the two Plaintiffs failed to plead minimal but necessary facts in the Complaint, but they spent more than 20 pages in the Opposition trying in vain to obfuscate the controlling legal standard that requires dismissal of their Complaint.

Not only did Plaintiffs omit necessary facts, but they rely on evidence with dissimilar facts (*i.e.*, the existence of other lawsuits and myriad online job ads) that undermines their already-threadbare claims and underscores that Plaintiffs' sweeping allegations are implausible on their face. *See, e.g.*, ECF No. 39 at ¶ 114 ("All of Defendants' delivery drivers worked similar hours [to Gibbs and Huggins]."). Additionally, Plaintiffs advocate for an exception from "notice pleading" on the theory that an alleged "joint employer" should have access to facts outside the pleadings that would state a plausible claim if a plaintiff had alleged such facts in the pleadings. Plaintiffs' theory is not just unsupported—it is legally and logically unsound.

Accordingly, Amazon respectfully requests that the Court grant the Motion to Dismiss.

## II.   ARGUMENT

### A.   Plaintiffs Misconstrue the Applicable Pleading Standard.

Plaintiffs argue at great length that the Court should ignore the Eleventh Circuit's recent holding in *Cooley v. HMR of Alabama, Inc.*, No. 18-10657, 2018 WL 4232041 (11th Cir. Sept. 6, 2018), which confirmed the *Iqbal/Twombly* standard applies to FLSA claims and which implicitly rejected the core holding of *Secretary of Labor v. Labbe*, 319 F. App'x 761 (11th Cir. 2008). As explained in Amazon's Motion, the *Cooley* decision aligned the Eleventh Circuit with other circuits in adopting the plausibility pleading standard in FLSA cases. Moreover, the *Labbe* court's reasoning – that *Twombly* is limited to "complex" cases – was rejected by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Plaintiffs' continued reliance on *Labbe* and its progeny is simply incorrect.

In fact, Plaintiffs make a prominent show of directing the Court to its own pre-*Cooley* decisions applying *Labbe*. That authority, however, is no longer persuasive. The *Cooley* decision held that the following allegations rose to the level of plausibility:

> [T]he employees allege that they routinely worked more than 40 hours per week without full compensation because [the employer] deducted meal breaks from their pay even when they were not "completely relieved from duty." They state that during meal breaks they were required to "care for patient needs" and "tend[ ] to patients," and they provide each employee's specific job title and list the weeks each employee claims to have worked more than 40 hours.

*Cooley*, 2018 WL 4232041, at *2. In so holding, *Cooley* cited to *Iqbal* and *Twombly's* plausibility standard—not *Labbe*. *Id.* (citing *Iqbal*, 556 U.S. at 680). Numerous Courts of Appeals and district courts in this Circuit similarly reject *Labbe* and instead apply *Iqbal/Twombly* to FLSA pleadings. *See* ECF 39 at 7 n.1 (collecting cases rejecting *Labbe* and applying plausibility standard).

Whereas *Labbe* permitted a formulaic recitation of the statute to suffice, the *Cooley* decision holds—much like *Rance v. Rocksolid Granit USA, Inc.*, 292 F. App'x 1 (11th Cir. 2008), *Iqbal* and *Twombly*—that stating a plausible claim requires a plaintiff to plead facts that *demonstrate* when and how a defendant allegedly violated the statute; bare allegations of unpaid overtime in general are not enough. *Cooley*, 2018 WL 4232041, at *2.

Plaintiffs' conclusory allegations fall well short of the applicable standard. Motion at 6-7. Applying *Iqbal/Twombly* and *Cooley*, Plaintiffs fail to state a plausible claim under the FLSA.

  **B.** **Plaintiffs' Own Briefing Demonstrates that Plaintiffs Have Not and Cannot Meet the Pleading Standard for Articulating a Nationwide Collective Action.**

Plaintiffs ask the Court to deem the following parameters sufficient to support a nationwide collective action: (1) local delivery drivers who delivered Amazon packages; (2) who were paid a day rate; and (3) who worked overtime. But Plaintiffs make no effort to plead any facts, on information and belief or otherwise, that demonstrate collective action treatment is plausible. Instead, Plaintiffs ask the Court to announce a new, legally indefensible pleading standard or, alternatively, take judicial notice of 16 other federal lawsuits that—themselves—demonstrate the implausibility of the vague and unwieldy putative collective described in the Complaint.

First, Plaintiffs argue that an unproven allegation that Amazon is a "joint employer" gives rise to an inference that Amazon already knows all of the facts that Plaintiffs failed to plead in the Complaint about the alleged collective claim (*i.e.*, Along with which contractors does Amazon allegedly jointly employ the contractors' employees? When did the alleged violation(s) occur? Does each contractor maintain the same policies and terms and conditions of employment? Do the contractor's managers and/or Amazon's managers interact with each other and/or the unidentified employees, in the same manner in each of the hundreds of facilities across the country?). No authority supports this proposition. At most, Plaintiffs' cited cases stand for the proposition that

plaintiff may get leeway alleging a very narrow category of facts that are solely within a defendant's possession, such as whether an employer meets the $500,000 FLSA revenue threshold.[1] Plaintiffs offer no authority that extends this principle to other necessary facts, a few of which are listed briefly in the parenthetical above, that are not in the sole possession of any party.

Second, Plaintiffs' citation of 16 other federal lawsuits is not a surrogate for well-pleaded facts. These far-flung lawsuits do not demonstrate that the collective is similarly situated to Plaintiffs. Plaintiffs admit that only eight suits have anything to do with "day rates," and even a cursory look reveals significant departures from the facts of this case:

- *Tatum v. B.B.W. Holdings, Inc.*, **No. 18-11661 (E.D. Mich. 2018)**, involves a practice called a "day rate" but in which the plaintiffs really allege that the employer paid them on the basis of estimated hours, not actual hours.

- *Bravo v. On Delivery Services, LLC*, **No. 18-01913 (N.D. Cal. 2018)**, does not involve delivery drivers but so-called "helpers" who allegedly received fixed payments by shift with multiple different types of shifts available.

- *Hegedus v. Nexen Corporation*, **No. 18-10798 (E.D. Mich. 2018)**, alleges that delivery drivers were paid by the hour on some occasions and by the route on other occasions.

- *Wasilewski v. Silverstar Delivery LTD*, **No. 18-12167 (E.D. Mich. 2018),** alleges that plaintiff was paid an hourly rate for ten hours of work each day.

---

[1] *See, e.g.*, *Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1378 (S.D. Fla. 2012) (cited by Plaintiffs but only concerning revenue threshold); *Anderson v. Cuenca Safety & Crime Prevention, Inc.*, No. 13-1500, 2013 WL 5587941, at *3 (M.D. Fla. Oct. 9, 2013) (same); *West v. Aventura Limousine & Transp. Serv., Inc.*, No. 12-21685, 2012 WL 3516507, at *2 (S.D. Fla. Aug. 14, 2012) (same); *Dobbins v. Scriptfleet, Inc.*, No. 11-1923, 2012 WL 601145, at *3 (M.D. Fla. Feb. 23, 2012) (same).

Plaintiffs ignore the underlying facts in each lawsuit. It would be a fool's errand to attempt to ascertain the contours of any putative collective by reference to Plaintiffs' Complaint.

Likewise, the term "local Amazon delivery drivers or driver associates" has no discernable meaning. For instance, *Bravo v. On Delivery Services, LLC* concerns "helpers" who ride along with drivers. *Bravo* does not concern the same job title or responsibilities alleged by Plaintiffs. As alleged in the Complaint, a "local delivery driver" could mean anything, including a driver for the United States Postal Service, UPS, Federal Express, or any other small, medium or large delivery company that delivers packages to Amazon's customers.

The futility of amendment is further confirmed by the 33 Indeed.com job advertisements incorporated by reference in the Complaint. *See* Pls.' First Am. Compl. ¶ 98 n.5 (ECF No. 35).[2] Plaintiffs recently filed copies of these ads in support of their conditional certification motion. *See* Pls.' Mot. for Conditional Certification, Exhibit EE (ECF No. 40-31). Incredibly, Plaintiffs contend the following ads support their collective claims– *i.e.*, that Amazon and the scores of unidentified delivery contractor "joint employers" did not pay hourly and did not pay overtime:

- **Rock Express Logistics**: "Trucking payment: *Hourly*." (ECF No. 40-31 at 11.)

- **Everyday Logistics, Inc.**: Stating salary is "$15.00 to *$18.50 /hour*," "*\*\*OVERTIME GUARANTEED\*\**," and "extra shifts and *overtime* is always available." Even listing "*Overtime* Pay" as a benefit. (ECF No. 40-31 at 21.)

- **CNS Logistics, Inc.**: "Drivers start at *$14 an hour*" and "*Overtime is paid at a rate of one and a half times the normal hourly wage*." (ECF No. 40-31 at 36.)

- **Direct Delivery Services, Inc.**: Advising applicants that "*overtime rate [is] paid after 8 hours* worked per day." (ECF No. 40-31 at 55.)

---

[2] On a Rule 12(b)(6) motion, the Court may consider the contents of evidence that, like the Indeed.com postings identified by Plaintiffs, are incorporated by reference. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

- **Intellogistics**: "*Overtime by the day, after 8 hours worked*." (ECF No. 40-31 at 78.)

- **KPak Services, Inc.**: "$120 to $140 per day (*paid hourly*)." (ECF No. 40-31 at 85.)

Plaintiffs' allegations demonstrate the absurdity of their argument that the Court should presume Amazon knows the "amount and extent" of alleged unpaid overtime hours, the identity of the putative members of the "day rate" collective, and other facts not alleged in the Complaint simply because Plaintiffs allege Amazon is a "joint employer" of thousands of absent collective members employed by scores of delivery service vendors that have never employed either Plaintiff. In short, the allegation that Amazon is a "joint employer" with other vendors does nothing to demonstrate that Plaintiffs are similarly situated to every employee of every vendor that delivers packages to Amazon customers.

The applicable pleading standards under *Iqbal* and *Twombly*—and basic concepts of due process—require that claims be plausibly pleaded. Here, Plaintiffs' collective allegations are not so pleaded and no amendment can cure that problem. Accordingly, Plaintiffs' nationwide collective allegations should be dismissed with prejudice.

### C. Plaintiffs Fail to Plausibly Plead That Amazon Is a Joint Employer With Any of the Unidentified Delivery Contractors.

Plaintiffs' effort to allege that Amazon was a nationwide joint employer fails for many of the same reasons that their collective action claims fail. Plaintiffs argue that they have adequately pleaded that Amazon and the other named defendants jointly employed them. They contend that, as a result, the Court should infer that all "local delivery drivers" "paid a day rate" were also jointly employed by Amazon and numerous unidentified contractors. This argument is a *non sequitur*. Plaintiffs' allegations about their own employment do not support an inference that all absent putative class members employed by different (and unidentified) contractors under different terms and conditions and in different locations were also jointly employed by Amazon and any of the

unidentified contractors.  In fact, the other lawsuits for which Plaintiffs request the Court take judicial notice and the job ads incorporated by reference in the Complaint demonstrate not only that Plaintiffs failed to plausibly plead joint employment—but that they cannot meet that standard.

As Amazon argued in its Motion, Plaintiffs have not alleged any fact about Amazon controlling or directing any unidentified contractors' employee's work or otherwise engaging in conduct that could give rise to joint employer liability.  *Layton v. Percepta, LLC*, No. 17-1488-DCI, 2018 WL 3150252, at *3 (M.D. Fla. May 17, 2018) (denying leave to file amended complaint where plaintiff failed to "satisfy the pleading standard as it relates to what [p]laintiff is attempting to allege (*i.e.*, a joint employment relationship), considering the applicable Code of Federal Regulations and multi-factor economic realities test utilized by the Court.").  Plaintiffs argue in response that *Layton* concerned futility.  While Amazon disputes that characterization, even Plaintiffs' own description of *Layton* dooms their overbroad joint employment allegations.

Specifically, the allegations of judicially noticed cases like *Tatum v. B.B.W. Holdings, Inc.*, *Bravo v. On Delivery Services, LLC*, *Hegedus v. Nexen Corporation*, and *Wasilewski v. Silverstar Delivery, Ltd.* show that the specific terms and conditions of work vary greatly from contractor to contractor even when the term "day rate" is alleged.  These cases show that Amazon has no way of identifying from the pleadings which unidentified contractors' employees and sub-contractors might be part of the putative collective.

Likewise, the advertisements from Rock Express Logistics, Everyday Logistics, Inc., CNS Logistics, Inc., Direct Delivery Services, Inc., Intellogistics, and KPak Services, Inc. show that the multiple economic realities of absent delivery drivers and the various terms and conditions maintained by absent delivery contractors cannot be shoehorned into the Complaint's definition of

the alleged "day rate" collective. Any amendment allowing Plaintiffs to attempt to do so would be unworkable. *See Layton*, 2018 WL 3150252, at *3.

Ultimately, Plaintiffs do not offer any meaningful argument that they have met the pleading standard for joint employment as to any entity other than MLK Express. Instead, Plaintiffs argue that the Court should excuse them from meeting any pleading standard. This Court, like the *Layton* court, should refuse Plaintiffs' request to bypass basic pleading requirements, deem any further amendment futile, and dismiss Plaintiffs' joint employment claims as to Amazon with respect to all absent delivery contractors.

### III. CONCLUSION

Plaintiffs' allegations are wholly insufficient to state a plausible claim against Amazon or any other Defendant under Federal Rule of Civil Procedure 12(b)(6), *Twombly*, and *Iqbal*. Accordingly, Amazon respectfully requests that the Court grant its Motion. Amazon further requests that the Court dismiss Plaintiffs' nationwide class allegations with prejudice.

Dated:  October 31, 2018              Respectfully submitted,

*/s/ Richard G. Rosenblatt*
Richard G. Rosenblatt (admitted *pro hac vice*)
PA ID #59096
**MORGAN, LEWIS & BOCKIUS LLP**
502 Carnegie Center
Princeton, NJ  08540-6241
Telephone:  +1.609.919.6609
eFacsimile: +1.609.919.6701
richard.rosenblatt@morganlewis.com

Mark E. Zelek
Florida Bar No. 667773
**MORGAN, LEWIS & BOCKIUS LLP**
200 South Biscayne Boulevard, Suite 5300
Miami, FL  33131-2339
Telephone:  +1.305.415.3303
eFacsimile:  +1.877.432.9652
mark.zelek@morganlewis.com

Christopher K. Ramsey (admitted *pro hac vice*)
PA ID #63293
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Centre, 32nd Floor
Pittsburgh, PA  15219
Telephone:  +1.412.560.3300
eFacsimile:  +1.412.560.7001
christopher.ramsey@morganlewis.com

*Attorneys for Defendants Amazon Logistics, Inc., Amazon.com, Inc. and Amazon.com Services, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 31, 2018, Defendants Amazon Logistics, Inc., Amazon.com, Inc. and Amazon.com Services, Inc.'s Reply in Support of Motion to Dismiss Plaintiff's First Amended Nationwide Collective Action Complaint was electronically filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Richard G. Rosenblatt*
Richard G. Rosenblatt