UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GREGORY GIBBS and TATONYA
HUGGINS, on behalf of himself and
those similarly situated

       Plaintiffs,

v.                                    Case No:  2:18-cv-434-FtM-38MRM

MLK EXPRESS SERVICES, LLC,
AMAZON LOGISTICS, INC.,
AMAZON.COM SERVICES, INC.,
MANIHONG M. PHANOUVONG,
LILA V. PHANOUVONG,
AMAZON.COM, INC. and AG PLUS
EXPRESS, LLC,

       Defendants.
_____/

**OPINION AND ORDER**[1]

Before the Court are three motions to dismiss the Collective Action Amended Complaint: Amazon Logistics, Inc., Amazon.com Services, Inc., and Amazon.com, Inc.'s (collectively "Amazon") Motion to Dismiss[2] (Doc. 39); Defendants MLK Express, LLC, Manihong M. Phanouvong, and Lila V. Phanouvong's Motion to Dismiss (Doc. 41); and Defendant AG Plus Express Services, LLC's Motion to Dismiss (Doc. 73).  Plaintiffs

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.
[2] Defendants MLK Express, LLC, Manihong M. Phanouvong, Lila V. Phanouvong, and AG Plus Express Services, LLC adopted and incorporated Amazon's Motion to Dismiss.

Gregory Gibbs and Tatonya Huggins responded to each motion. (Docs. 51; 53; 87). And Amazon filed a reply in support of its motion. (Doc. 72). For the following reasons, the motions are denied.

## BACKGROUND

This is a Fair Labor Standards Act ("FLSA") collective action. (Doc. 35). Gibbs and Huggins sued Defendants for failure to pay minimum and overtime wages. (Doc. 35). Defendants were links in a package distribution chain headed by Amazon.com, Inc., the parent corporation of Amazon.com Services, Inc. and Amazon Logistics, Inc. (Doc. 35 at ¶ 45). Amazon is an online retailer that sells products through its website. (Doc. 35 at ¶¶ 1, 46). It then ships the products to consumers throughout the United States. (Doc. 35 at ¶¶ 1, 46). To accomplish this task, Amazon contracts with package delivery companies, including MLK Express and AG Plus. (Doc. 35 at ¶ 2). MLK Express and AG Plus recruit local delivery drivers in Sarasota, Fort Myers, Orlando, and the surrounding areas to deliver packages for Amazon. (Doc. 35 at ¶ 49). M. Phanouvong and L. Phanouvong own and supervise MLK Express and AG Plus. (Doc. 35 at ¶ 50).

Plaintiffs were two drivers recruited and hired by MLK Express and AG Plus to deliver Amazon packages and unload Amazon trucks. (Doc. 35 at ¶¶ 55, 108). Each Defendant in the chain exerted some control over Plaintiffs. (Doc. 35 at ¶¶ 48, 54, 56-58, 75). Defendants employed Gibbs from September 13, 2017 until February 1, 2018 and Huggins from November 2017 until February 2018. (Doc. 35 at ¶¶ 101-102). During that time, Defendants paid Plaintiffs a "day rate," a flat rate of $100 to $150 per day, and additional compensation based on packages delivered for other drivers. (Doc. 35 at ¶¶ 105-107). It was not uncommon for Gibbs to work between forty-two to sixty-five hours per week or Huggins to work between forty-five to sixty-five hours per week. (Doc. 35 at

¶¶ 110-113).  Huggins worked closer to one hundred hours per week during the holiday season.  (Doc. 35 at ¶ 113).  Although Plaintiffs worked more than forty hours per week, they did not receive overtime wages or minimum wages.  (Doc. 35 at ¶¶ 22-25).

As a result, Plaintiffs sued Defendants for FLSA violations.  (Doc. 35).  Plaintiffs sued on behalf of two classes. An "Amazon Local Driver Class" that includes all delivery drivers or driver associates who worked for any company that contracted with Amazon in the United States, and the "MLK Sub-Class" that includes all delivery drivers or driver associates who worked for MLK Express and AG Plus to provide local delivery services in Florida.  (Doc. 35 at ¶ 95).  The four-count Amended Complaint includes two counts against Amazon by the Amazon Local Driver Class for failure to pay minimum wage and overtime wages, and two counts against Defendants by the MLK Sub-Class for failure to pay minimum wage and overtime wages.  (Doc. 35).  Now, Defendants move to dismiss the Amended Complaint.

## STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  While a complaint does not need detailed factual allegations, it does need more than labels, conclusions, naked assertions, or a mere formulaic recitation of the elements.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citation omitted).  A plaintiff must also take care to avoid a shotgun pleading.  The unifying characteristic associated with all shotgun pleadings is "they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cty. Sheriff's*

*Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015) (identifying four rough types of shotgun pleadings).

## ANALYSIS

Defendants argue that the Amended Complaint is a shotgun pleading, fails to state an FLSA claim, and fails to state a collective action. (Docs. 39; 41; 72; 73). The Court will address the arguments in turn.

### A. Shotgun Pleading

AG Plus argues the Amended Complaint is an impermissible shotgun pleading; Plaintiffs say not so. (Docs. 73 at 8-11; 87 at 13-15).

The Amended Complaint spans 26 pages, identifies 7 Defendants, contains 4 claims, and compromises 162 allegations. (Doc. 35). Plaintiffs incorporate the first 138 allegations into each claim. This includes factual background, legal conclusions, class definitions, and collective action allegations. (Doc. 35). Although the Amended Complaint is by no means a perfect pleading, it does not fall into one of the four rough shotgun pleading categories identified by the Eleventh Circuit. *See Weiland*, 792 F.3d at 1320. And it does give AG Plus and the other Defendants fair notice of the grounds on which Plaintiffs' claims rest. For that reason, the Amended Complaint is not a shotgun pleading.

### B. Failure to State an FLSA Claim

To state a claim for unpaid wages, a plaintiff must show (1) an employment relationship; (2) the employer engaged in interstate commerce; and (3) the employee worked over forty hours per week but was not paid minimum or overtime wage. *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008). Here, the first and third elements are contested.

The parties take conflicting positions on the level of detail required to plead an FLSA claim. The parties do not dispute that the *Iqbal-Twombly* plausibility standard applies. Instead, the dispute arises from a recent unpublished Eleventh Circuit opinion. *See Cooley v. HMR of Ala., Inc.*, 18-10657, 2018 WL 4232041 (11th Cir. Sept. 6, 2018).[3] In *Cooley*, the Eleventh Circuit considered a district court order dismissing plaintiffs' FLSA overtime claims for failure to "adequately identify the type of compensable work performed during breaks." *Id.* at *1. In its review, the Eleventh Circuit noted that the district court, in a previous order on a motion to dismiss, required "each employee [ ] to allege at least one work week where they worked more than 40 hours and the type of compensable work they performed during meal periods." *Id*. The *Cooley* court ultimately determined that plaintiffs pled FLSA claims because they sufficiently described their lunch time work. *Id.* at *2.

Relying on *Cooley*, Defendants argue that Plaintiffs' failure to identify a single, specific week that they worked over forty hours is fatal to their claim. The Court is unconvinced that *Cooley* requires such an allegation. The issue before the *Cooley* court was whether the district court erred by dismissing the complaint for failing to adequately identify the type of compensable work performed during breaks. *Id.* at *1. It was not whether a plaintiff must identify a single week where she worked over forty hours. *Cooley* makes no such proclamation. That does not mean that Plaintiffs may rely on conclusory allegations. Here, Gibbs and Huggins allege the exact months they worked and that they commonly worked between forty-two to sixty-five hours per week or between forty-five to

---

[3] Unpublished opinions are persuasive but "only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

5

sixty-five hours per week, respectively. (Doc. 35 at ¶¶ 101-102, 111-113). And they were not paid either overtime or minimum wage. (Doc. 35 at ¶ 115). This is enough.

Next, the Phanouvongs argue Plaintiffs failed to establish individual liability on their part. (Doc. 41 at 7). An individual is only liable under the FLSA if she is an "employer." *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008). The FLSA defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203. This requires a showing that the Phanouvongs were "involved in the day-to-day operation or ha[d] some direct responsibility for the supervision of the employee." *Alvarez Perez*, 515 F.3d at 1160 (citation omitted). The level of control must be both substantial and related to the company's FLSA obligations. *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1314 (11th Cir. 2013).

Plaintiffs allege that Phanouvongs are co-owners of MLK Express. (Doc. 35 at ¶¶ 32, 36). The Phanouvongs decided on "work, staffing, personnel matters, pay policies, and compensation" issues. (Doc. 35 at ¶¶ 34, 39). The Phanouvongs also exercised their authority to hire or fire, manage payroll, and dictate Plaintiffs' driving schedule. (Doc. 35 at ¶ 58). This is enough to establish employer liability.

## C. Failure to Plead a Collective Action

The FLSA authorizes collective actions against employers who violate the FLSA. *See* 29 U.S.C. § 216(b); *see also Morgan*, 551 F.3d at 1258. Here, Defendants argue that Plaintiffs failed to plead a claim for collective action treatment because Plaintiffs have not established similarly situated employees nationwide. Amazon also argues that Plaintiffs failed to establish them as a joint employer for the Amazon Local Driver Class.

Plaintiffs argue that this determination is premature, and even if it is not, they have pled a collective action.

District courts are split on whether it is appropriate to address collective actions at the motion to dismiss stage or to wait until the collective action certification stage. *See, e.g., Dyer v. Lara's Trucks, Inc.*, 1:12-CV-1785-TWT, 2013 WL 609307, at *3 (N.D. Ga. Feb. 19, 2013). In the past, this Court has addressed class allegations under the Rule 8 standard. *See Economakis v. Butler & Hosch, P.A.*, 2:13-CV-832-FTM-38DN, 2014 WL 820623, at *4 (M.D. Fla. Mar. 3, 2014) (finding a class definition in a class action was too broad at the motion to dismiss stage). Similarly, the Court finds the appropriate course is to evaluate a collective action under the dictates of Rule 8(a)(2). To plead a collective action under the FLSA, plaintiffs must demonstrate that they are similarly situated with respect to job requirements and pay provisions. *See Meggs v. Condotte Am., Inc.*, 12-20876-CIV-GOODMAN, 2012 WL 3562031, at *3 (S.D. Fla. Aug. 17, 2012).

As stated, Plaintiffs identify two classes in their collective action. (Doc. 35 at ¶ 95). The Amazon Local Driver Class that consists of local delivery drivers or driver associates that were paid a day rate and worked for any company that contracted with Amazon throughout the United States. (Doc. 35 at ¶ 95). And the MLK Sub-Class that consists of all local delivery drivers or driver associates that were paid a day rate and who worked for MLK Express and AG Plus within Florida. (Doc. 35 at ¶ 95).

As to the MLK Sub-Class, the allegations are sufficient. The delivery drivers or driver associates provided local delivery service for Defendants. (Doc. 35 at ¶ 117). The class members were all paid day rates that fluctuated from $100 to $150 per day depending on the day of the week. (Doc. 35 at ¶¶ 105-106). These rates did not meet the minimum threshold established by the FLSA. (Doc. 35 at ¶¶ 115, 118-119). The

class members shared job titles, local delivery drivers or driver associates, and pay provisions, a day rate. The class members also had similar job responsibilities. (Doc. 35 at ¶ 100). This is sufficient at this stage in the proceedings. *See Smith v. Aaron's, Inc.*, 2:12-CV-551-FTM-29, 2013 WL 3196581, at *2 (M.D. Fla. June 21, 2013).

The Amended Complaint also states a claim as to the Amazon Local Driver Class. The class members share the same titles, local delivery drivers or driver associates. (Doc. 35 at ¶ 95). The class members share similar roles, unloading Amazon packages and delivering those packages on behalf of Amazon. (Doc. 35 at ¶¶ 52, 72, 98, 117). The class members were also paid a day rate that did not meet the minimum wage or overtime requirements. (Doc. 35 at ¶ 118). At this stage, this is enough to show that the class members are similarly situated.

Plaintiffs also established Amazon as a joint employer. To determine whether a joint employer relationship exists, a court must evaluate all the facts in a case. *See Layton v. DHL Exp. (USA), Inc.*, 686 F.3d 1172, 1175 (11th Cir. 2012). The court should focus on the relationship between the employer and employee, not on whether the employee is more reliant on one employer or another. *Garcia-Celestino v. Ruiz Harvesting, Inc.*, 843 F.3d 1276, 1294 (11th Cir. 2016). The Eleventh Circuit identified eight factors to consider: (1) nature and degree of control of the workers; (2) degree of supervision, direct or indirect, of the work; (3) ability to determine pay rates or method of payment; (4) the ability, directly or indirectly, to hire, fire, or modify employment conditions; (5) preparation of payroll and payment of wages; (6) ownership of facilities where work occurred; (7) performance of a specialty job integral to business; and (8) investment in equipment and facilities. *Id.* at 1294.

Amazon manages the work of the delivery drivers or driver associates who are employed with other local delivery companies across the country. Amazon exercises control over hiring, training, uniforms, delivery vans, pick up and drop off locations, schedules, and discipline. (Doc. 35 at ¶ 48). At this stage, this is sufficient to establish Amazon as a joint employer. And the fact that Plaintiffs have not identified the nationwide delivery companies does not bar their collective claims at this stage. *See Jackson v. Fed. Nat'l. Mortg. Ass'n*, 181 F. Supp. 3d 1044, 1056 (N.D. Ga. 2016) (finding Fannie Mae as a joint employer with unnamed staffing agencies).

MLK Express, the Phanouvongs, and AG Plus also argue that they cannot be in the nationwide class. But Plaintiffs make no nationwide claims against these Defendants. (Doc. 35 at 22-25). Plaintiffs' claims against MLK Express, the Phanouvongs, and AG Plus are limited to the MLK Sub-Class.[4] Thus, these arguments are unavailing.

One last point bears mentioning. This Court determined that Plaintiffs' collective action allegations were sufficient under Rule 8. But this Order should not be construed as offering an opinion, one way or another, on Plaintiffs' chances at the "notice stage" of the collective action certification.

Accordingly, it is now **ORDERED:**

The Defendants' motions to dismiss (Docs. 39; 41; 73) are **DENIED.**

**DONE** and **ORDERED** in Fort Myers, Florida this 7th day of February 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

[4] Plaintiffs also point this out in their responses. (Docs. 53; 87) ("To be clear, Plaintiffs do *not* seek to pursue 'nationwide' claims against AG Plus or the other MLK Defendants.")