UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GREGORY GIBBS and TATONYA HUGGINS, on
behalf of themselves and those similarly situated,

        Plaintiffs,

  vs.

MLK EXPRESS SERVICES, LLC, a Florida Limited
Liability Company; AG PLUS EXPRESS, LLC, a
Florida Limited Liability Company; AMAZON.COM,
INC., a Foreign for Profit Corporation; AMAZON
LOGISTICS, INC., a Foreign for Profit Corporation;
AMAZON.COM SERVICES, INC., a Foreign for Profit
Corporation; MANIHONG M. PHANOUVONG,
Individually; and LILA V. PHANOUVONG, Individuals,

        Defendants.
_____/

Case No. 2:18-CV-434-SPC-MRM

**AMAZON'S OBJECTIONS TO THE REPORT AND RECOMMENDATION ON
PLAINTIFFS' MOTION TO CONDITIONALLY CERTIFY COLLECTIVE ACTION**

    Mark E. Zelek
    Joseph Magrisso
    Morgan, Lewis & Bockius LLP
    200 South Biscayne Boulevard, Suite 5300
    Miami, FL  33131-2339
    mark.zelek@morganlewis.com
    joseph.magrisso@morganlewis.com

    Richard G. Rosenblatt (admitted *pro hac vice*)
    Morgan, Lewis & Bockius LLP
    502 Carnegie Center
    Princeton, NJ  08540-6241
    richard.rosenblatt@morganlewis.com

    Christopher K. Ramsey (admitted *pro hac vice*)
    Morgan, Lewis & Bockius LLP
    One Oxford Centre, 32nd Floor
    Pittsburgh, PA  15219
    christopher.ramsey@morganlewis.com

    *Attorneys for Defendants Amazon.com, Inc., Amazon
    Logistics, Inc. and Amazon.com Services, Inc.*

**TABLE OF CONTENTS**

Page

INTRODUCTION ........................................................................................................................ 1

ARGUMENT ................................................................................................................................. 2

    A.    The Court Lacks Personal Jurisdiction Over The Claims Of Nonresident Opt-ins............................................................................................................................ 2

    B.    The "Representative" Nature Of A Collective Action Does Not Abrogate Amazon's Constitutional Due Process Rights. ........................................................ 9

    C.    Though Not Relevant To The Constitutional Inquiry, Applying *BMS* To The FLSA Does Not Frustrate Congress's Legislative Intent. ............................ 11

CONCLUSION ............................................................................................................................ 13

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bacardi v. Lindzon*,
　845 So. 2d 33 (Fla. 2002).................................................................................................3, 4

*Bristol-Myers Squibb Co. v. Superior Court of California*,
　137 S. Ct. 1773 (2017)................................................................................................ *passim*

*Brunner v. Tex. A&M Univ. 12th Man Found.*,
　No. 15-60581, 2015 WL 13650035 (S.D. Fla. June 23, 2015) ....................................... 4

*Chavez v. Church & Dwight Co.*,
　No. 17 C 1948, 2018 WL 2238191 (N.D. Ill. May 16, 2018) ........................................ 8

*Daimler AG v. Bauman*,
　571 U.S. 117 (2014) ......................................................................................................... 6

*Hipp v. Liberty Nat'l Life Ins. Co.*,
　252 F.3d 1208 (11th Cir. 2001) ....................................................................................... 4

*Lockard v. Equifax, Inc.*,
　163 F.3d 1259 (11th Cir. 1998) ....................................................................................... 2

*Luckie v. McCall Mfg. Co.*,
　153 So. 2d 311 (Fl. Dist. Ct. App. 1963) ........................................................................ 3

*Maclin v. Reliable Reports of Tex., Inc.*,
　314 F. Supp. 3d 845 (N.D. Ohio 2018)................................................................... 5, 7, 8

*Mickles v. Country Club Inc.*,
　887 F.3d 1270 (11th Cir. 2018) ....................................................................................... 4

*Oriental Imps. & Exps., Inc. v. Maduro & Curiel's Bank, N.V.*,
　701 F.2d 889 (11th Cir. 1983) ......................................................................................... 4

*Prunty v. Arnold & Itkin LLP*,
　753 F. App'x 731 (11th Cir. 2018) .................................................................................. 3

*Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*,
　119 F.3d 935 (11th Cir. 1997) ....................................................................................... 11

*Riley v. Donatelli*,
　No. 16-0898, 2017 WL 3316479 (M.D. Fla. Aug. 3, 2017), *appeal dismissed*,
　No. 17-14986, 2018 WL 2229332 (11th Cir. Mar. 2, 2018)...................................... 5, 11

*Roy v. FedEx Ground Package Sys., Inc.*,
    353 F. Supp. 3d 43 (D. Mass. 2018) ................................................................5, 8, 9, 10

*Swamy v. Title Source, Inc.*,
    No. C 17-01175 WHA, 2017 WL 5196780 (N.D. Cal. Nov. 10, 2017) ..............................9, 12

*Tickling Keys, Inc. v. Transamerica Fin. Advisors, Inc.*,
    305 F. Supp. 3d 1342 (M.D. Fla. 2018) ..............................................................9, 10

**Statutes**

15 U.S.C. § 78aa ............................................................................................12

18 U.S.C. § 1965(a) .........................................................................................12

29 U.S.C. § 256 ..............................................................................................5

29 U.S.C. § 1132 ...........................................................................................12

Fla. Stat. Ann. § 48.193(1)(a) (West 2019) ..................................................................3

Fla. Stat. Ann. § 48.193(1)(a)(1) (West 2019) ...............................................................5

**Other Authorities**

Fed. R. Civ. P. 12(g)(2) .....................................................................................2

Fed. R. Civ. P. 23 ...............................................................................4, 8, 10, 11

U.S. Const. amend. V .......................................................................................2, 5

U.S. Const. amend. XIV .....................................................................................3, 5

**INTRODUCTION**

The Magistrate Judge's well-reasoned Report and Recommendation issued on March 28, 2019 is correct in nearly every respect, save one. In *dicta*, after correctly holding that conditional certification of the nationwide "Amazon Local Driver Class" was improper, the Report and Recommendation also addressed the question of whether the Court's limited specific personal jurisdiction over Defendants Amazon Logistics, Inc. and Amazon.com Services, Inc. ("Amazon") would allow the Court to oversee a nationwide collective action against Amazon under the rule announced in *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773 (2017) ("*BMS*") in the event the Court were to overrule the Report and Recommendation and authorize a nationwide collective action. Amazon submits that the Magistrate Judge did not need to reach this jurisdictional question given the rejection of certification of the Amazon Local Driver Class, and it is not necessary for the Court to rule on the issue now if, as it should, it adopts the Report and Recommendation.

Nevertheless, to the extent the Court reaches the question of whether, after *BMS*, this Court has jurisdiction over the claims of non-Florida residents, Amazon objects to that aspect of the Report and Recommendation only. Specifically, Amazon submits that the Magistrate Judge erred in concluding that the Fair Labor Standards Act ("FLSA") somehow may bypass the limits on long-arm jurisdiction and the constitutional strictures of due process concerning the claims brought by non-Florida claimants whose claims are based, in their entirety, on alleged events occurring outside of Florida. Accordingly, even if the Court were to reject the Magistrate Judge's well-reasoned analysis that Plaintiffs did not meet their proofs under the "similarly situated" prong of the conditional certification test for the Amazon Local Driver Class, Amazon requests that the Court limit the class definition of the Amazon Local Driver Class in accordance with the Supreme

Court's ruling in *BMS* and exclude any putative collective action members outside of Florida given the Court's lack of general personal jurisdiction over Amazon.

## ARGUMENT

### A. The Court Lacks Personal Jurisdiction Over The Claims Of Nonresident Opt-ins.

Certifying Plaintiffs' proposed nationwide "Amazon Local Driver Class" would violate both Florida law and Amazon's Fifth Amendment Due Process rights. Specifically, though Amazon is not subject to general jurisdiction in the state of Florida, if the Court were to permit a nationwide collective action in Florida, Amazon could be required to litigate claims concerning hundreds of contracts encompassing thousands of putative class members whose claims have absolutely no contacts with Florida. The Report and Recommendation's contrary recommendation mistakenly elevated Congress's alleged statutory intent above superior constitutional and statutory concerns and, moreover, misperceives the potential impact of *BMS* on the FLSA's remedial system. Accordingly, if it perceives a need to reach the issue at all, the Court should hold that it lacks jurisdiction over claims asserted against Amazon by non-Florida Amazon Local Drivers.[1]

When a federal court exercises subject matter jurisdiction based on a federal question and the statute at issue is silent regarding service of process, the court may only exercise personal jurisdiction over a non-resident defendant in the manner authorized by the forum's long-arm statute. *See Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1265 (11th Cir. 1998). As recognized in the Report and Recommendation, the FLSA is silent regarding service of process. As a result, the

---

[1] Plaintiffs have suggested in prior briefing that Amazon has waived its personal jurisdiction argument. Plaintiffs' argument has no merit. A party waives a personal jurisdiction defense only if it fails to raise it when it is "available." FED. R. CIV. P. 12(g)(2). Here, Plaintiffs did not present any non-Florida opt-ins at the time that Amazon filed its motion to dismiss. When Plaintiffs did add non-Florida opt-ins, Amazon promptly raised its personal jurisdiction arguments in the context of the one motion where it applies: the scope of the putative collective class. Therefore, a personal jurisdiction defense under *BMS*—which was unavailable at the time of Amazon's initial responsive pleading—was timely and properly presented to the Court.

2

Court must look to Florida's long-arm statute and the limits of the federal constitution to assess whether specific jurisdiction² exists to permit a nationwide collective action. Specifically, the Eleventh Circuit requires district courts to consider two questions in deciding whether the exercise of personal jurisdiction is proper: "(1) whether personal jurisdiction exists over the nonresident defendant[s] under Florida's long-arm statute, and (2) if so, whether the exercise of jurisdiction would violate the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution." *Prunty v. Arnold & Itkin LLP*, 753 F. App'x 731, 734 (11th Cir. 2018) (quotations and citation omitted). Here, the putative non-resident plaintiffs cannot satisfy either inquiry.

Only one portion of Florida's long-arm statute applies to the type of claim alleged by Plaintiffs in this case:

> (1)(a) A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself . . . to the jurisdiction of the courts of this state for any **cause of action arising from any of the following acts**:
>
> > 1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.

Fla. Stat. Ann. § 48.193(1)(a) (West 2019)(emphasis added). The Supreme Court of Florida has stated "it is generally conceded under the modern view that a cause of action is the right which a party has to institute a judicial proceeding." *Bacardi v. Lindzon*, 845 So. 2d 33, 36 (Fla. 2002). Further, "[t]he phrase 'cause of action' as used in a statute fixing the jurisdiction of the courts according to where the cause of action arises, means that which creates the necessity for bringing the action." *Luckie v. McCall Mfg. Co.*, 153 So. 2d 311, 314 (Fl. Dist. Ct. App. 1963) (stating that in order to maintain a cause of action against a corporation in a place other than its principal place of business, it is necessary that some part of the cause of action must have occurred where the suit

---

² Plaintiffs do not contend general personal jurisdiction is appropriate in this case.

is filed); *see also Brunner v. Tex. A&M Univ. 12th Man Found.*, No. 15-60581, 2015 WL 13650035, at *4 (S.D. Fla. June 23, 2015) ("There must be a direct affiliation, nexus, or substantial connection between the basis for the cause of action and the business activity."). Importantly, given the constitutional limitations on jurisdiction, courts strictly construe Florida's long-arm statute. *See Oriental Imps. & Exps., Inc. v. Maduro & Curiel's Bank, N.V.*, 701 F.2d 889, 890–91 (11th Cir. 1983) (stating that Florida's long-arm statute is strictly construed).

Here, the creation of a nationwide collective—which operates as an assemblage of hundreds, or possibly thousands, of discrete individual causes of action asserted by discrete foreign party plaintiffs—does not meet the requirements of the Florida long-arm statute. Once an opt-in files a written consent pursuant to Section 216(b) of the FLSA, she becomes a party-plaintiff. *See Mickles v. Country Club Inc.*, 887 F.3d 1270, 1273 (11th Cir. 2018) (holding that "filing a written consent pursuant to [29 U.S.C.] § 216(b) is sufficient to confer party-plaintiff status"). In so doing, the opt-in does not join in named plaintiff's claims under Florida law. Instead, applying Florida's definition of a "cause of action," her joining the suit merely allows her to assert her own separate Section 216(b) right to institute a judicial proceeding in a combined lawsuit for the purposes of judicial efficiency. *Bacardi*, 845 So. 2d at 36. Put slightly differently, the certification of a collective merely creates a mechanism to provide notice to additional potential plaintiffs that there is a lawsuit and, where appropriate, obtain efficiencies of litigating in a consolidated fashion with others who are similarly situated. Thus, under the Florida long-arm statute each individual's cause of action must meet the statute's requirements.[3] Here, putative non-resident Plaintiffs who never

---

[3] Moreover, the discrete nature of causes of action asserted by opt-ins in a collective setting is underscored by the FLSA itself. For instance, unlike absent class members in the Rule 23 setting, potential opt-ins are not deemed joined to or bound by a collective action unless they join. *See* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."); *see also Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1216 (11th Cir. 2001) ("[A] putative plaintiff must affirmatively opt into a § 216(b) action by filing his written consent with the court in

4

worked in Florida, who worked for employers outside of Florida, and who have no connection to Florida cannot satisfy the requirement that their causes of action arise from Amazon "[o]perating, conducting, engaging in, or carrying on a business or business venture in this state . . . ." FLA. STAT. ANN. § 48.193(1)(a)(1) (West 2019). Thus, Plaintiffs have failed to carry their burden of showing that the putative nationwide collective action members can satisfy the statutory prong of specific personal jurisdiction analysis.

Even if a collective action did qualify as a single "cause of action" satisfying the Florida long-arm statute, the Court still must determine whether exercising personal jurisdiction over Amazon comports with the Due Process Clause of the Fifth Amendment. The Due Process Clause "requires that the defendant have minimum contacts with the forum state and that the exercise of jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice." *Riley v. Donatelli*, No. 16-0898, 2017 WL 3316479, at *4 (M.D. Fla. Aug. 3, 2017) (quotation marks and citations omitted), *appeal dismissed*, No. 17-14986, 2018 WL 2229332 (11th Cir. Mar. 2, 2018).[4]

Here, it is undisputed that Amazon is not subject to general jurisdiction in Florida because each of the Amazon Defendants was incorporated in Delaware and each has its principal place of business in the State of Washington. *See* ECF 66-4, 66-5, 66-6, and 66-7 (Ramsey Decl., Exs. D-

---

order to be considered a class member and be bound by the outcome of the action."). Likewise, the FLSA expressly states that the statute of limitations for opt-in causes of action is calculated separately for each such cause of action. *See* 29 U.S.C. § 256. Thus, the FLSA regards the causes of action brought by separate opt-in plaintiffs to constitute discrete claims.

[4] Amazon notes the lack of consensus on whether the Due Process inquiry should be made under the Fifth or Fourteenth Amendment. *Compare Maclin v. Reliable Reports of Tex., Inc.*, 314 F. Supp. 3d 845, 850-51 (N.D. Ohio 2018) (applying a Fifth Amendment analysis) *with Roy v. FedEx Ground Package Sys., Inc.*, 353 F. Supp. 3d 43, 56 (D. Mass. 2018) (applying a Fourteenth Amendment analysis). However, this is a distinction without a difference. This inquiry is the same under both the Fifth Amendment (federal claims) and the Fourteenth Amendment (state law claims). *Maclin*, 314 F. Supp. 3d at 850–51 ("[T]he Court cannot envisage that the Fifth Amendment Due Process Clause would have any more or less effect on the outcome respecting FLSA claims than the Fourteenth Amendment Due Process Clause, and this district court will not limit the holding in [*BMS*] to mass tort claims or state courts.").

F (information for each Amazon Defendant from the Washington Secretary of State's publicly available Corporations and Charities Filing System online database)). *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) ("place of incorporation and principal place of business are paradigm bases for general jurisdiction"). Nothing in the Report and Recommendation suggests otherwise.

Rather, the question before the Court is limited to determining the proper scope of specific jurisdiction under the Due Process clause. Pursuant to the Supreme Court's decision in *BMS*, this Court lacks specific jurisdiction over the Amazon Defendants with respect to any claims by non-Florida class members. In *BMS*, the Supreme Court held that the constitutional guarantee of due process protects defendants from having to defend against claims with no connection to the forum state when filed by plaintiffs living in other states, even when other claims in the lawsuit—by plaintiffs who do have a connection to the forum state—are appropriately before the court. *See Bristol-Myers*, 137 S. Ct. at 1781. For example, over 600 plaintiffs asserted product liability claims in California court against Bristol-Myers. *Id.* at 1777. Some of those plaintiffs had contacts with California and some did not. *Id.* Meanwhile, Bristol-Myers was not subject to general jurisdiction because it was incorporated in Delaware and headquartered in New York, while most of the plaintiffs resided outside of California. *Id.* at 1777–78.

Reversing the California Supreme Court, the U.S. Supreme Court held that the California courts lacked specific jurisdiction over the nonresidents' claims despite their legal and factual similarities to the residents' claims because there was no "connection between the forum and the specific claims at issue . . . ." *Id.* at 1781. The Supreme Court reasoned that "the nonresidents were not prescribed [the product] in California, did not purchase [the product] in California, did not ingest [the product] in California, and were not injured by [the product] in California." *Id.* It further stated that "[t]he mere fact that *other* plaintiffs were prescribed, obtained, and ingested

6

Plavix in California—and allegedly sustained the same injuries as did the nonresidents—does not allow the State to assert specific jurisdiction over the nonresidents' claims." *Id.*

Here, Plaintiffs seek to include individuals with no more connections to Florida than the plaintiffs in *BMS* had to California. If a nationwide collective is certified, Amazon would face the prospect of litigating cases against individuals who were hired by third-party companies outside of Florida to perform work outside of Florida for which they were paid outside of Florida. Moreover, any alleged injury by these foreign plaintiffs would have occurred outside of Florida by virtue of acts or omissions outside of Florida. Making matters worse, the Court even more certainly lacks personal jurisdiction over the dozens of smaller contractors, like MLK Express, who directly hired, employed, and paid the putative class members in other jurisdictions outside of Florida. As a result, Amazon faces due process threats both in having to defend in Florida and its inability to join necessary parties and secure testimonial attendance.

In addition, as multiple courts have held, *BMS* applies to FLSA collective actions. For instance, in *Maclin*, 314 F. Supp. 3d at 848, the plaintiff brought a putative FLSA collective action against an out-of-state defendant in Ohio. The defendant argued that the court lacked personal jurisdiction over the claims of non-Ohio claimants, such as one opt-in from Texas. *Id.* The court agreed, holding that it lacked general jurisdiction over the defendant because the defendant was "at home in Texas, where it is headquartered and incorporated[,]" and, even though it had some employees in Ohio, "[m]aintaining extensive operations within a state alone does not satisfy the general-jurisdiction exception." *Id.* at 849. The court then held that it lacked "specific jurisdiction over the FLSA claims of non-Ohio plaintiffs" against the defendant. *Id.* at 850. The court found "that [*BMS*] applies to FLSA claims, in that it divests courts of specific jurisdiction over the FLSA claims of [nonresident] plaintiffs against [a nonresident]." *Id.*

7

Similarly, in *Roy*, 353 F. Supp. 3d at 51, the court addressed whether delivery drivers—not unlike here—could maintain a nationwide collective action in a jurisdiction where the alleged employer was not subject to general jurisdiction. In concluding that national certification of a case in Massachusetts violated due process, the *Roy* court carefully and systematically walked through the decisions-to-date applying *BMS*. Specifically, the *Roy* court held that:

- "[C]oncerns about federalism [in *BMS*] suggest that [the Supreme Court] seeks to bar nationwide class actions in forums where the defendant is not subject to general jurisdiction[,]" *id.* (quoting *Chavez v. Church & Dwight Co.*, No. 17 C 1948, 2018 WL 2238191, at *10 (N.D. Ill. May 16, 2018)); and

- The special context of FLSA collective actions presents particularly significant constitutional problems militating strongly against nationwide collective proceedings in states where the defendant is not subject to general jurisdiction. If, as the cases refusing to extend *BMS* to class actions suggest, the Rule 23 certification process somehow protects a defendant's due process jurisdiction rights, the two-stage certification process used under the FLSA lacks similar meaningful protections to prevent an employer from being forced to litigate against a nationwide class on the basis of specific jurisdiction through at least the close of discovery, *id.* at 58-59.

Thus, like the *Maclin* court, the *Roy* court concluded that nationwide collective certification can only be proper as a matter of constitutional law in jurisdictions where the putative employer is subject to general jurisdiction.

Put simply, under *BMS*, Plaintiffs were obliged to prove the existence of a statutorily and constitutionally sufficient nexus between each claimant in the putative class to the state of Florida to establish personal jurisdiction over Amazon. *See Roy*, 353 F. Supp. 3d at 61–62. Plaintiffs have

not carried their burden of establishing that nexus, nor can they do so. Accordingly, the Court lacks personal jurisdiction to oversee a nationwide collective action against Amazon in this forum.

> **B.      The "Representative" Nature Of A Collective Action Does Not Abrogate Amazon's Constitutional Due Process Rights.**

The Report and Recommendation mistakenly holds that that the representative nature of an FLSA collective action somehow supersedes the need to satisfy due process. In so holding, the Magistrate Judge relies on *Swamy v. Title Source, Inc.*, No. C 17-01175 WHA, 2017 WL 5196780, at *2 (N.D. Cal. Nov. 10, 2017), and *Tickling Keys, Inc. v. Transamerica Fin. Advisors, Inc.*, 305 F. Supp. 3d 1342, 1348 (M.D. Fla. 2018). Both cases are squarely rebutted by the *Roy* court's thoughtful consideration of precisely the issues before this Court.

In *Roy*, the court addressed the scope of a plaintiff's burden of establishing personal jurisdiction in the context of a collective action. Directly rejecting *Swamy*, the *Roy* court explained that "[t]he constitutional requirements of due process do[] not wax and wane when the complaint is individual or on behalf of a class. Personal jurisdiction in class actions must comport with due process just the same as any other case." *Roy*, 353 F. Supp. 3d at 56 (quotation marks omitted). Thus, the *Roy* court held that the *Swamy* court's conclusion that personal jurisdiction may be satisfied by a single plaintiff without regard to the opt-in collective plaintiffs she seeks to add is fatally flawed. *Id.* Instead, "[n]othing in [*BMS*] suggests that its basic holding is inapplicable to class actions; 'rather, the Court announced a general principle – that due process requires a 'connection between the forum and the specific claims at issue.'" *Id.*[5]

---

[5] Likewise, Plaintiffs' previous argument that *BMS* "fram[ed] the specific jurisdiction analysis at the level of the suit" is wrong. ECF No. 84 at 7 n.22. In *BMS*, the Supreme Court explicitly framed the assessment of specific personal jurisdiction in terms of the "claims," stating: "What is needed—and what is missing here—is a connection between the forum and the specific claims at issue." *BMS*, 137 S. Ct. at 1781 (emphases added). In fact, the Supreme Court's ultimate ruling that California lacked jurisdiction over the nonresident plaintiffs' claims would have been inconsistent with a "suit-level" analysis as the suit in that case did include some level of California contacts. *Id.*

9

But the *Roy* court did not stop its analysis there. It next turned to cases, like *Tickling Keys*, that rely upon the procedural safeguards of Rule 23 as a proxy for procedural due process protections. *Id.* at 58-59. As a threshold matter, though not addressed directly by *Roy*, it is facially unreasonable to allow satisfaction of Rule 23 requirements—or Section 216(b) requirements for that matter—to serve as a proxy for due process. The purpose of Rule 23 and Section 216(b) are to assess the suitability of a particular asserted claim for class or collective treatment. These inquiries turn upon questions of judicial economy, impact on the *class members*, and the adequacy of the representative plaintiff(s) and their counsel to represent absent parties. No part of this inquiry considers the rights of and prejudice to the defendants in any material way. Instead, concerns regarding the impact of class or collective treatment on defendants are addressed by the *predicate* questions of jurisdiction and venue. Thus, relying on the mechanisms of certification to satisfy jurisdictional due process requirements is inherently circular because the certification process assumes personal jurisdiction exists as a threshold matter.

Nonetheless, even if Rule 23 could provide a basis to limit the constitutional principles addressed in *BMS*, Section 216(b) lacks any similar procedural safeguards. As the *Roy* court explained, FLSA collective actions, which require a mere showing of similarly situated status, lack the rigor of class certification before notice is issued. *Id.* at 61. In particular, a collective plaintiff need not make a showing of numerosity, commonality, typicality, adequacy of representation, predominance and superiority supported by reliable evidence as demanded by Rule 23. *Id.* at 60. Instead, the process for assessing conditional certification under Section 216(b) lacks the substantial, searching processes of Rule 23 requiring a plaintiff to affirmatively prove the superiority of class adjudication and the plaintiff's own suitability to represent the proposed class.

*See id.* Therefore, the lack of heightened Rule 23 protections in the Section 216(b) context renders Rule 23 decisions declining to extend *BMS* distinguishable and inapposite.

        **C.**     **Though Not Relevant To The Constitutional Inquiry, Applying *BMS* To The FLSA Does Not Frustrate Congress's Legislative Intent.**

The test for determining whether a defendant is subject to constitutionally-guaranteed personal jurisdiction does not consider congressional intent. As discussed above, the Court must determine whether the defendants have sufficient minimum contacts with the forum as to the claims of each plaintiff and that the exercise of jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice. *Donatelli*, 2017 WL 3316479, at *4. Congress's legislative intent plays no bearing on this constitutional analysis. However, even if Congress's intent were relevant, the application of *BMS* to FLSA collective actions does not frustrate Congress's legislative intent in any material way.

If the Court were to look to legislative intent, the only available evidence for assessing Congress's intent with respect to this issue—the language of the statute itself—reveals that Congress *did not* intend for defendants in an FLSA collective action to be subject to nationwide collective actions in every jurisdiction where an employer is subject to limited specific jurisdiction. In this regard, the Eleventh Circuit has recognized that Congress manifests its intent to require such an outcome by expressly providing for nationwide services of process. *See Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 948 (11th Cir. 1997) ("Congress has provided for nationwide service of process, courts should presume that nationwide personal jurisdiction is necessary to further congressional objectives."). Here, by contrast, Congress included no provision for nationwide service in the FLSA.

This silence is telling. Congress has demonstrated numerous times that it knows how to provide for nationwide service of process to confer statutory jurisdiction in any federal court. *See,*

11

*e.g.*, 18 U.S.C. § 1965(a) (providing that civil RICO claims may be filed "in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs."); *see also* 15 U.S.C. § 78aa (Securities Exchange Act nationwide service of process provision); 29 U.S.C. § 1132 (Employee Retirement Income Security Act of 1974 nationwide service of process provision). Thus, putting aside the constitutional limitations addressed above, if the Court were to look to legislative intent, the Court should not, as the Report and Recommendation did, assume Congress's remedial intent somehow overcomes Congress's omission of an explicit national service of process.

Moreover, limiting the collective action in this case to the confines of Florida does not frustrate the FLSA's remedial scheme in any material way. The Report and Recommendation makes much of the *Swamy* court's expressed concern that "[t]he result of [applying *BMS* to collective actions] would be that each putative collective member not residing in either the state where the suit is brought, or a state where the defendant is domiciled, could not be part of the collective action." *Swamy*, 2017 WL 5196780, at *2. That is not an accurate statement of law. Nationwide class, mass tort, and collective actions can still be brought post-*BMS* where plaintiffs can establish that general jurisdiction applies to the defendants. Moreover, the *Swamy* court's concerns neglect the reality of collective action litigation. Limiting Plaintiffs to bringing a collective action on behalf of more than 200 individuals at a single location in Florida hardly converts their claims into *de minimis* value recoveries unworthy of litigation. In fact, state-specific collective actions have long been a common feature of the FLSA landscape without doing violence to the FLSA's larger remedial scheme.[6] In short, *BMS* does not deprive foreign plaintiffs of any

---

[6] Importantly, the suggestion that collective actions were created by Congress to enhance the remedial scope of the FLSA is incorrect. In 1947, Congress passed legislation creating the modern collective action framework with the express purpose of limiting employer exposure and liability. Pub. L. No. 52-49, §§ 5-7, 1947 U.S.C.C.S. 85; 29 U.S.C. §§ 255-56. Congress codified its findings, stating in duly enacted legislation explaining that collective actions were

12

rights. Instead, it clarifies what has always been true—a foreign plaintiff may not bring a claim having nothing to do with a particular forum merely because a domestic plaintiff has a similar claim. This constitutional rule does not prevent any putative class member in this case from fully vindicating their rights under the FLSA. It just requires that they do so in another forum if they think that they have a legitimate claim.

The Court need not—and should not—turn to congressional statutory intent in analyzing whether Amazon is subject to specific personal jurisdiction given that congressional statutory intent cannot change the meaning of the Constitution. Nonetheless, even if the Report and Recommendation did not err in considering that intent, it did err in concluding that the FLSA authorizes or requires jurisdiction to govern claims of individuals with no contact to a forum state.

## CONCLUSION

For the foregoing reasons, Amazon respectfully objects to the *dicta* in the magistrate judge's conclusion that personal jurisdiction supporting a nationwide collective action could exist in this case. If the Court adopts the Report and Recommendation that the Amazon Local Driver Class not be conditionally certified because Plaintiffs have not shown that they are similarly situated to others in the nationwide class, then the Court should expressly decline to rule on the jurisdictional argument and overrule this objection as moot. However, if the Court rejects the Report and Recommendation on the issue of similarly situated status, Amazon requests that the Court limit the class definition of the Amazon Local Driver Class in accordance with the Supreme Court's ruling in *BMS* and exclude any putative collective action members outside of Florida.

---

created to retrench the remedial scope of the FLSA because the original FLSA had "creat[ed] wholly unexpected liabilities, immense in amount and retroactive in operation," and that the flood of litigation "would bring about financial ruin of many employers and seriously impair the capital resources of many others." 29 U.S.C. § 251(a). Thus, allowing jurisdictional overreach to protect "the express intent of Congress" is directly contrary to Congress's expressed intent in this instance.

13

Dated:  April 18, 2019

Respectfully submitted,

*/s/ Christopher K. Ramsey*
Christopher K. Ramsey (admitted *pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Centre, 32nd Floor
Pittsburgh, PA  15219
Telephone:  +1.412.560.3300
eFacsimile:  +1.412.560.7001
christopher.ramsey@morganlewis.com

Mark E. Zelek
Florida Bar No. 667773
Joseph Magrisso
Florida Bar No. 105352
**MORGAN, LEWIS & BOCKIUS LLP**
200 South Biscayne Boulevard, Suite 5300
Miami, FL  33131-2339
Telephone:  +1.305.415.3303
eFacsimile:  +1.877.432.9652
mark.zelek@morganlewis.com
joseph.magrisso@morganlewis.com

Richard G. Rosenblatt (admitted *pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
502 Carnegie Center
Princeton, NJ  08540-6241
Telephone:  +1.609.919.6609
eFacsimile: +1.609.919.6701
richard.rosenblatt@morganlewis.com

*Attorneys for Defendants Amazon Logistics, Inc., Amazon.com, Inc. and Amazon.com Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2019, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Christopher K. Ramsey*
Christopher K. Ramsey

14