# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

GREGORY GIBBS and TATONYA HUGGINS, on
behalf of themselves and those similarly situated,

        Plaintiffs,

vs.

                                      Case No. 2:18-CV-434-SPC-MRM

MLK EXPRESS SERVICES, LLC, a Florida Limited
Liability Company; AG PLUS EXPRESS, LLC, a
Florida Limited Liability Company; AMAZON.COM,
INC., a Foreign for Profit Corporation; AMAZON
LOGISTICS, INC., a Foreign for Profit Corporation;
AMAZON.COM SERVICES, INC., a Foreign for Profit
Corporation; MANIHONG M. PHANOUVONG,
Individually; and LILA V. PHANOUVONG, Individuals,

        Defendants.

_____/

## AMAZON'S REPLY IN SUPPORT OF OBJECTIONS TO THE REPORT AND RECOMMENDATION

Mark E. Zelek
Joseph Magrisso
Morgan, Lewis & Bockius LLP
200 South Biscayne Boulevard, Suite 5300
Miami, FL  33131-2339
mark.zelek@morganlewis.com
joseph.magrisso@morganlewis.com

Richard G. Rosenblatt (admitted *pro hac vice*)
Morgan, Lewis & Bockius LLP
502 Carnegie Center
Princeton, NJ  08540-6241
richard.rosenblatt@morganlewis.com

Christopher K. Ramsey (admitted *pro hac vice*)
Morgan, Lewis & Bockius LLP
One Oxford Centre, 32nd Floor
Pittsburgh, PA  15219
christopher.ramsey@morganlewis.com

*Attorneys for Defendants Amazon.com, Inc., Amazon
Logistics, Inc., and Amazon.com Services, Inc.*

Plaintiffs' Opposition (ECF No. 145) to Amazon's Objections (ECF No. 136) boils down to two arguments: (1) Amazon somehow waived a defense that was not available to it until after Amazon responded to Plaintiffs' Amended Complaint; and (2) the Court should disregard the majority opinion in *Bristol-Myers Squibb v. Superior Court of California*, 137 S. Ct. 1773 (2017) ("*BMS*"), and, instead, follow the minority dissenting opinions.  Neither argument has any merit.

## I.     Amazon Did Not Waive Its Personal Jurisdiction Defense in this Case.

Amazon's personal jurisdiction defense under *BMS* was unavailable to Amazon when it filed its Motion to Dismiss because no foreign opt-in plaintiffs had consented to join the lawsuit at that time.  In other words, Amazon had no personal jurisdiction defense to assert affirmatively until after it filed its initial responsive pleading—there was nothing to waive.  Plaintiffs' citation to cases addressing Federal Rule of Civil Procedure 23 classes does not change this analysis.  In fact, the distinction between the presumed participation of Rule 23 class members and the presumed non-participation of Section 216(b) putative collective members further confirms that Amazon's position is correct.  Moreover, once a foreign opt-in joined this lawsuit and the defense became available, Amazon raised its personal jurisdiction defense at its first opportunity.  Thus, Amazon has not waived its personal jurisdiction defense.

A defendant only waives a defense to personal jurisdiction by: (i) omitting the defense from a motion that meets the requirements of Rule 12(g)(2); or (ii) failing to make a motion or include the defense of personal jurisdiction in an appropriate responsive pleading once the defense became available. Fed. R. Civ. P. 12(h)(1).  With respect to the first prong, Rule 12(g)(2) states in relevant part that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection *that was available* to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2) (emphasis added).

Here, Amazon did not waive its personal jurisdiction defense under either prong of Rule 12(h)(1).  Amazon filed its Motion to Dismiss on September 19, 2018, at which time no foreign opt-ins had joined the case.  ECF No. 39.  It was not until almost a month later on October 15, 2018, that the first foreign opt-in attempted to join.  ECF No. 56.  Even then, the foreign opt-in's consent was stricken and no foreign opt-in successfully joined until November 8, 2018.  ECF No. 77.  Subsequently, in its first responsive pleading following the filing of a foreign opt-in consent, Amazon explicitly pleaded its personal jurisdiction defense.  ECF No. 123.  Thus, Amazon did not waive its personal jurisdiction defense under Rule 12(h)(1).

In response, Plaintiffs raise two arguments.  First, Plaintiffs argue—by resort to authority concerning Rule 23 class actions—that Amazon's defense to personal jurisdiction arose from the original and amended complaints.  But Plaintiffs' arguments ignore the fundamental distinction between Rule 23 classes and Section 216(b) collectives that actually demonstrates why the waiver rule does not apply here.  A Rule 23 claim *assumes from the outset* that the court will exercise jurisdiction over the claims of absent class members unless those class members take action to opt-out.  *See Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1248 (11th Cir. 2003) ("Irrespective of whether other class members take any or no role in the action, they are bound by the judgment . . . .").  "[I]n contrast to Rule 23 class actions, the existence of a collective action under § 216(b) does depend on the active participation of other plaintiffs." *Id.* at 1249.  Put slightly differently, each time an employee opts-in to become a party plaintiff, the Fair Labor Standards Act ("FLSA") regards that as creating a discrete cause of action.  *See* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.").

Meanwhile, in a Rule 23 class action, a putative class member's cause of action is presumed asserted and a class member must act to remove her cause of action from consideration.[1]

Supporting this analysis, Florida's long-arm statute provides that a separate cause of action does not arise as to an absent opt-in *until he or she joins* by filing a consent. *See Mickles v. Country Club Inc.*, 887 F.3d 1270, 1273 (11th Cir. 2018); *see also Bacardi v. Lindzon*, 845 So. 2d 33, 36 (Fla. 2002); Amazon Obj. at 3–4, ECF No. 136. Thus, in contrast to Rule 23, the opt-in nature of Section 216(b) collective actions renders defenses to personal jurisdiction unripe until an opt-in joins the lawsuit and asserts a cause of action by joining. Only then can the Court determine whether the foreign opt-in's newly asserted claim stretches beyond the limits of the Court's personal jurisdiction over the defendant.

Second, Plaintiffs' appear to argue that Amazon should have moved because it was *likely* foreign plaintiffs would seek to opt-in. However, when a motion to dismiss is based on an anticipated or potential event, it is premature to seek dismissal upon those grounds. *See Sampson v. Pine State Mortg. Corp.*, No. 10-0241, 2010 WL 11647849, at *3 (N.D. Ga. Apr. 7, 2010) (noting the anticipated event must occur before the court can determine if it has jurisdiction over the parties). For instance, a motion to dismiss pursuant to Rule 12(b)(5) will be deemed premature and improper when filed before the 120-day time limit for service expires even if it is clear that

---

[1] Besides the fact that the five cases Plaintiffs cite to involve Rule 23 class actions, all are readily distinguishable. First, both *McCurley v. Royal Seas Cruises, Inc.*, No. 17-0986, 2019 WL 1383804 (S.D. Cal. Mar. 27, 2019), and *Mussat v. Enclarity Inc.*, 362 F. Supp. 3d 468 (N.D. Ill. 2019), included allegations from the outset that the proposed class was nationwide. As explained above, it is presumed the court will exercise jurisdiction over absent class members in a Rule 23 claim, whereas the court cannot exercise jurisdiction over absent FLSA Section 216(b) collective members, such as here, until they opt-in. Second, unlike the defendants in *LaVigne v. First Cmty. Bancshares, Inc.*, 330 F.R.D. 293 (D.N.M. 2019), Amazon did appropriately raise its personal jurisdiction defense in its opposition to conditional certification. And, unlike the defendants in *Braver v. Northstar Alarm Servs., LLC*, 329 F.R.D. 320 (W.D. Okla. 2018), Amazon did raise its personal jurisdiction defense in its answer and Amazon never stipulated that the court had personal jurisdiction over the parties. Finally, *Sloan v. General Motors LLC*, 287 F. Supp. 3d 840 (N.D. Cal. 2018), is distinguishable as that complaint contained specific allegations regarding non-resident plaintiffs to which defendants could have asserted a personal jurisdiction defense. No such plaintiffs joined this case until after Amazon filed its motion to dismiss.

service will not be perfected by the deadline.  *Id.*  Likewise here, a party over which the court lacks personal jurisdiction must actually join a lawsuit before the defense of lack of personal jurisdiction is ripe.  Thus, Amazon could not—and would have been wrong to—move on any personal jurisdiction defense before a foreign opt-in joined the lawsuit because it had no such defense.

As a result, Amazon's only obligation was to raise its defense either in its next motion to dismiss or its first responsive pleading after the defense did become available.  Fed. R. Civ. P. 12(h)(1)(B)(ii).  Amazon discharged that obligation by including lack of personal jurisdiction as an affirmative defense in its Answer, which was its first responsive pleading after filing its pre-foreign opt-in motion to dismiss.  ECF No. 123 at 25, ¶ 2.  Hence, neither prong of Rule 12(h)(1) has been triggered here, and Amazon has not waived its personal jurisdiction defense.

## II.   Plaintiffs' Attempts to Confine *BMS* to Mass Torts Lack Merit and Have Been Rejected by Other Courts.

In their Opposition, Plaintiffs make no meaningful effort to address the threshold constitutional—and basic fairness—concerns identified in Amazon's Objection regarding litigation of a nationwide collective in this forum where Amazon is only subject to specific jurisdiction.  Nor do Plaintiffs dispute that they could bring this action in any forum having general jurisdiction over Amazon—although, of course, that would be inconvenient to Plaintiffs' lawyers whose offices are not in Delaware or Washington.

Plaintiffs' arguments simply do not withstand scrutiny:

- Plaintiffs argue that *BMS* is just a case about federalism, but they do not even attempt to confront the serious due process rights implicated by hailing a foreign defendant into court to answer thousands of claims allegedly arising all over the country based on conduct having nothing to do with the forum state.  Instead, they summarily attempt to distinguish Fifth and Fourteenth Amendment Due Process rights.  But—as the court in *Maclin v.*

*Reliable Reports of Texas, Inc.* aptly put it—it is hard to "envisage that the Fifth Amendment Due Process Clause would have any more or less effect on the outcome respecting FLSA claims than the Fourteenth Amendment Due Process Clause . . . ." 314 F. Supp. 3d 845, 850–51 (N.D. Ohio 2018).

- Plaintiffs make much of the fact that union gamesmanship of FLSA mechanisms led to the 1940s legislative creation of collective actions under the Portal-to-Portal Act, 29 U.S.C. § 216(b). But they ignore the fact that such legislative action demonstrated a congressional intent to protect *employers* from abusive unfairness in the application of the FLSA. *See* 29 U.S.C. § 251(a). *BMS* remedies the exact same type of procedural unfairness: it prevents a plaintiff's efforts to unfairly prejudice employers by requiring them to defend national actions in arbitrarily selected jurisdictions based on limited and unrelated contacts.

- Lastly, unable to meaningfully distinguish *BMS*—Plaintiffs insist that this Court should just disregard the majority holding and reasoning in *BMS* and adopt the dissent's rejected and minority arguments.

One simple fact remains true: certifying Plaintiffs' proposed nationwide collective and forcing Amazon to defend against such a collective based on specific jurisdiction in this case would violate Amazon's Fifth Amendment Due Process rights. The obvious unfairness and sheer unworkability of such an outcome underscores that it simply does not make sense to read an exception into these critical rights to distinguish *BMS*, especially where both nationwide and small collectives remain available to Plaintiffs in jurisdictionally proper fora.

While the Magistrate Judge's Report and Recommendation properly rejected nationwide collective certification because Plaintiffs failed to adequately support their burden of demonstrating being similarly-situated with their nationwide proposed collective, should the Court

reach the issue of personal jurisdiction, it should hold that granting a nationwide collective on the facts here would be improper for lack of personal jurisdiction over foreign opt-ins whose claims do not implicate Amazon's contacts with Florida.  For these reasons, as well as those set forth in Amazon's Objections to the Report and Recommendation (ECF No. 136), Amazon respectfully requests that its limited objections on the personal jurisdiction issue be sustained.

Dated:  June 10, 2019

Respectfully submitted,

*s/ Christopher K. Ramsey*
Christopher K. Ramsey (admitted *pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
One Oxford Centre, 32nd Floor
Pittsburgh, PA  15219
Telephone:  +1.412.560.3300
eFacsimile:  +1.412.560.7001
christopher.ramsey@morganlewis.com

Mark E. Zelek
Florida Bar No. 667773
Joseph Magrisso
Florida Bar No. 105352
**MORGAN, LEWIS & BOCKIUS LLP**
200 South Biscayne Boulevard, Suite 5300
Miami, FL  33131-2339
Telephone:  +1.305.415.3303
eFacsimile:  +1.877.432.9652
mark.zelek@morganlewis.com
joseph.magrisso@morganlewis.com

Richard G. Rosenblatt (admitted *pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
502 Carnegie Center
Princeton, NJ  08540-6241
Telephone:  +1.609.919.6609
eFacsimile: +1.609.919.6701
richard.rosenblatt@morganlewis.com

*Attorneys for Defendants Amazon.com, Inc.,*
*Amazon Logistics, Inc., and Amazon.com Services,*
*Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2019, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*s/ Christopher K. Ramsey*
Christopher K. Ramsey