UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GREGORY GIBBS and TATONYA
HUGGINS, on behalf of himself and those
similarly situated,

    Plaintiffs,

v.                                               Case No.:   2:18-cv-434-FtM-38MRM

MLK EXPRESS SERVICES, LLC,
AMAZON LOGISTICS, INC.,
AMAZON.COM SERVICES, INC.,
MANIHONG M. PHANOUVONG, LILA
V. PHANOUVONG, AMAZON.COM,
INC. and AG PLUS EXPRESS, LLC,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Before the Court is the parties' Joint Notice of Filing Proposed Notice to the Local Delivery Driver Class, filed on July 25, 2019. (Doc. 175). The Undersigned construes the Joint Notice as a Motion seeking Court approval of the proposed notice. Also before the Court is Defendants Amazon.com, Inc.'s, Amazon Logistics, Inc.'s, and Amazon.com Services, Inc.'s (collectively "Amazon") Notice of Non-Opposition to the Joint Notice. (Doc. 176). For the reasons described herein, the Undersigned respectfully recommends the Joint Notice of Filing Proposed Notice to the Local Delivery Driver Class (Doc. 175) be **DENIED** without prejudice.

## BACKGROUND

On September 20, 2018, Plaintiffs moved to conditionally certify this case as a collective action under the Fair Labor Standards Act ("FLSA"). (Doc. 40). The Undersigned, in relevant part, recommended the Court grant conditional certification of the MLK Sub-Class under 29 U.S.C. § 216(b). (Doc. 129 at 41). The Undersigned also recommended that the parties be made

to amend the proposed notice. (*Id*.). The Honorable Sheri Polster Chappell, United States District Judge, adopted the Report and Recommendation in part, granted conditional certification as modified, and required the parties to submit an amended proposed notice consistent with the Undersigned's Report and Recommendation and her Order. (Doc. 166 at 26-27). The parties complied (Docs. 175, 176) and their proposed notice is now ripe for consideration.

## DISCUSSION

**I.   The Notice Is Inaccurate**.

While the parties represent this is a Joint Notice, a closer inspection reveals that not to be the case. Specifically, a footnote on the first page of the parties' proposed notice expressly states:

> The agreement of Defendants, MLK Express Services, LLC, Manihong M. Phanouvong, Lila V. Phanouvong (the "MLK Defendants"), and AG Plus Express, LLC ("AG Plus"), to the proposed form and content of notice **is contingent upon the Court approving the Burns Settlement and the Burns form and content of notice**, that matches the form and content submitted in this document. Should the Court deny approval of either, subject to these terms, **then the MLK Defendants and AG Plus would then object to this proposed joint notice**.

(Doc. 175-1 at 1 n.1 (emphasis added)).

Also pending before this Court is a similar FLSA action with a substantially overlapping putative collective. *See Burns v. MLK Express Serv., LLC et al.*, No. 2:18-cv-00625-TJC-MRM (Corrigan, J.). No party has moved to consolidate these actions. The parties in *Burns*, however, moved for conditional certification, sought court approval of proposed notice, and approval of settlement all at the same time. (*See Burns*, No. 2:18-cv-00625 at Docs. 19, 20).

On January 29, 2020, the Undersigned issued a Report and Recommendation in *Burns* recommending that the presiding District Judge in that case grant conditional certification for

settlement purposes only, but that the Court also require the parties to amend the proposed notice and also deny the parties' motion for settlement approval as premature. (*Id.* at Doc. 25). According to the footnote referenced above, should the presiding District Judge in *Burns* accept the Undersigned's Report and Recommendation in that case, then the MLK Defendants and AG Plus will be deemed to "object to [the *Gibbs*] proposed joint notice" in this case. (Doc. 175-1 at 1 n.1).

Moreover, a review of the proposed notice here reveals language that is inaccurate and in need of amendment given the Undersigned's Report and Recommendation in *Burns*. For example, the proposed notice here reads "[t]he Court has permitted the parties in the Burns Lawsuit to notify all similarly-situated Drivers so that they may be given the choice to join the Burns Lawsuit to partake in the Settlement." (*Id.* at 3). It also states "if you participate in the Burns Lawsuit, you are **guaranteed to receive a settlement payment** in exchange for releasing rights." (*Id.* at 4 (emphasis added)). These representations are no longer accurate for several reasons.

First, the Undersigned's Report and Recommendation in *Burns* did not recommend the Court approve notice nor settlement. (*Burns*, No. 2:18-cv-00625 at Doc. 25 at 9, 11). More importantly, the presiding District Judge in *Burns* has yet to act on the *Burns* Report and Recommendation. There is, thus, no conditional certification, notice, or settlement in the *Burns* action. Here, this is highly relevant because the parties extensively summarize and discuss the *Burns* action in the *Gibbs* proposed notice. (*See*, *e.g.*, Doc. 175-1 at 2-6, 7, 11; *see also* Doc. 175-3).

Given the substantially interrelated nature of these two actions, and the material way in which the disposition of *Burns* will impact the proposed notice in *Gibbs*, the Undersigned

3

recommends denying approval of the *Gibbs* proposed notice without prejudice. The Court should instead order the parties to confer again and work collaboratively to amend their proposed notice to reflect accurately the current posture of *Burns* and otherwise comply with the Court's previous Order (Doc. 166) in *Gibbs*.

## II.     The Notice Fails to Warn Opt-Ins of Their Potential Liabilities.

The proposed notice is also potentially defective in that it fails to warn potential opt-in plaintiffs of their liability for Defendants' costs in certain situations. When permitting a party to send a notice concerning a collective action, a trial court "has a substantial interest in communications that are mailed for single actions involving multiple parties." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171 (1989). By monitoring the preparation and distribution of a notice, "a court can ensure that it is timely, accurate, and informative." *Id*. at 172. "In general, notices to potential class members in FLSA cases should contain certain information. For example, notices should include language regarding potential liability for costs and attorney's fees and appropriate definitions of the potential class." *Trentman v. RWL Commc'ns, Inc.*, No. 2:15-CV-89-FtM-38CM, 2015 WL 2062816, at *4 (M.D. Fla. May 4, 2015).

The presiding District Judge here has denied proposed notices that fail to "fully advise potential class members that [d]efendants may attempt to recover attorneys' fees and costs if [p]laintiffs are unsuccessful." *Trentman*, 2015 WL 2062816, at *4 (Chappell, J.) ("Any notice, to be approved by this Court, must include a full disclosure of the individuals' rights *and* responsibilities should they decide to opt-in to the suit." (emphasis in original)); *see also Teahl v. The Lazy Flamingo, Inc.*, No. 2:13-CV-833-FtM-38CM, 2015 WL 179367, at *7 (M.D. Fla. Jan. 14, 2015) (Chappell, J.) (finding unopposed notice defective because it "does not warn potential class members of their responsibility of paying attorney fees in the event that they are

unsuccessful on the merits of their claim"); *see also Holmes v. Swissport Fueling, Inc.*, No. 2:16-cv-669-FtM-38MRM, 2017 WL 8794900, at *11 (M.D. Fla. Sep. 1, 2017), *report and recommendation adopted*, No. 2:16-cv-669-FtM-38MRM, 2017 WL 4129838 (M.D. Fla. Sep. 19, 2017) (Chappell, J.) (finding notice deficient because "the [n]otice should reflect that if [opt-in plaintiffs] are unsuccessful on the merits of their claims, they may be responsible for [defendant's] costs and fees in this matter").

Here, upon careful review, the Undersigned notes that the proposed notice is devoid of any such language. There are several sections of the notice that discuss Plaintiffs' attorneys' fees, but the language therein likely would serve to make a potential opt-in plaintiff believe they are not directly liable for *any* attorneys' fees. (*See* Doc. 175-1 at 4, 5). The proposed notice informs a potential opt-in that "[i]f you choose to join the Gibbs Lawsuit, you will be bound by the judgment." (*Id*. at 4). Considering the proposed notice as a whole, however, the Undersigned does not believe this is adequate. For example, under a section titled "How the Attorneys Will Be Paid in Each Lawsuit," the parties represent: "You will not be required to directly pay the attorneys' fees in the Gibbs lawsuit. The Gibbs Plaintiffs' attorneys will receive a part of any money judgment entered in favor of the class." (*Id.* at 5). Similarly, another sentence in the same section reads: "You will not be required to directly pay the attorneys' fees in the Burns Lawsuit." (*Id*.).

On balance, the Undersigned finds that the proposed notice fails to warn potential opt-ins of their responsibility for Defendants' costs should Defendants prevail in this action. Therefore, it is respectfully recommended that the presiding District Judge require the parties to amend the proposed notice, so a potential opt-in plaintiff will be fully and completely informed of his or her potential liability to Defendants.

## CONCLUSION

Because the Undersigned has not recommended the presiding District Judge approve the proposed notice and settlement in *Burns*, the MLK Defendants and AG Plus do not consent to the proposed notice *sub judice*. The proposed notice here, as drafted, is also factually incorrect and mischaracterizes the procedural posture in light of the subsequent developments in *Burns*. Finally, the proposed notice fails to warn potential opt-in plaintiffs of their liabilities should Defendants prevail at trial. Accordingly, the Court should deny the proposed notice.

Based upon the foregoing, the Undersigned **RESPECTFULLY RECOMMENDS** that:

1. The Joint Notice of Filing Proposed Notice to the Local Delivery Driver Class (Doc. 175) be **DENIED without prejudice.**

2. The parties be directed to meet and confer and submit a further amended proposed notice and consent form consistent with this Report and Recommendation (or any order of the presiding District Judge approving, modifying, or rejecting this Report and Recommendation) by a date certain for the Court's further consideration and approval.

**RESPECTFULLY RECOMMENDED** in Chambers in Ft. Myers, Florida on January 30, 2020.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties