UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GREGORY GIBBS, TATONYA
HUGGINS, LINDA BURNS and
ANDREA HELM, on behalf of himself
and those similarly situated

        Plaintiffs,

v.                                                                              Case No.:  2:18-cv-434-FtM-38MRM

MLK EXPRESS SERVICES, LLC,
AMAZON LOGISTICS, INC.,
AMAZON.COM SERVICES, INC.,
MANIHONG M. PHANOUVONG,
LILA V. PHANOUVONG,
AMAZON.COM, INC. and AG PLUS
EXPRESS, LLC,

        Defendants.
_____/

## ORDER[1]

Before the Court is United States Magistrate Judge Mac R. McCoy's Report and Recommendation ("R&R"). (Doc. 191). Judge McCoy recommends granting the parties' Agreed Motion to Approve the Parties' Proposed Notice to Potential Claimants of Collective Action (Doc. 188) and approving their proposed notice form (Doc. 188-1). Several parties filed notices of nonobjection (Docs. 192; 193; 194). And the matter is ripe for review.

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also*

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

*Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982).  Without a specific objection, the judge need not review factual findings de novo.  28 U.S.C. § 636(b)(1); *see also Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993).  But the district court reviews legal conclusions de novo, even without an objection.  *Cooper-Houston v. S. Ry.*, 37 F.3d 603, 604 (11th Cir. 1994).

After a careful, complete, and independent examination of the file, the Court accepts and adopts Judge McCoy's R&R in full.  This was the last outstanding issue before the now-approved notice and consent forms can issue.  So the parties are authorized to begin the notice process.  For its own case management purposes only, the Court will administratively close this case during the notice period.  This does not impact any deadlines set forth in the Amended Case Management Scheduling Order (Doc. 197) or the parties' obligations.  Within seven days of the notice period ending, the parties must notify the Court and case will be administratively reopened.

Accordingly, it is now

**ORDERED:**

1. The Report and Recommendation (Doc. 191) is **ACCEPTED and ADOPTED** and the findings incorporated herein.

2. The parties' Agreed Motion to Approve the Parties' Proposed Notice to Potential Claimants of Collective Action Pursuant to Court Order [D.E.185] (Doc. 188) is **GRANTED** and their proposed notice (Doc. 188-1) is **APPROVED**.

3. The parties are **AUTHORIZED** to begin the notice process.

4. The Clerk is **DIRECTED** to administratively close the case during the notice period. **Within seven (7) days** of the notice period ending, the parties must **NOTIFY** the Court and the case will be administratively reopened.

**DONE** and **ORDERED** in Fort Myers, Florida this 8 day of July, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record